RICHARD CAIN, APPELLEE, V. PAMELA CAIN, APPELLANT.

410 N.W.2d 476

Filed August 14, 1987.   No. 85-488.

Mark A. Klinker, for appellant.

Donald W. Kleine and Joel L. Klausen of Kleine Law Office, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

This action for dissolution of marriage was instituted by Richard Cain, petitioner-appellee, against respondent-appellant, Pamela Cain, who stated in her answer and cross-petition that "she has been known by and has exclusively used the name of Pamela Elvig-Cain." The marriage was dissolved on May 24, 1985. Respondent timely appealed, assigning two errors: (1) The trial court erred in determining that in the best interests of the child of the parties his name should be changed from Timothy John Elvig to Timothy John Cain, and (2) the trial court abused its discretion in setting the level of child support. At the time of oral argument, appellant specifically abandoned her second assignment of error, and it will not be considered herein.

The record shows the following. The parties were first married on April 26, 1980. That marriage was dissolved on May 14, 1981. The parties were again married on May 25, 1984. Appellant left the marital home on July 7 and returned to live with her parents. Appellee instituted this dissolution proceeding on July 18, 1984.

Appellant bore a child on December 8, 1984. She named the child Timothy John Elvig and had that name put on the child's birth certificate. It was determined that appellee was the father of the child. The decree of dissolution restored appellant's maiden name of Elvig and set out in pertinent part "[t]hat the name of the parties' minor child is hereby changed to TIMOTHY JOHN CAIN, and the Respondent is Ordered to take all necessary steps to amend said child's birth certificate reflecting the Order of this Court."

Neb. Rev. Stat. § 71-640.01 (Reissue 1986) provides in part:

The information pertaining to the name of an infant born in this state and reported on a birth certificate, filled out and filed pursuant to sections 71-601 to 71-648, shall comply with the following:

(1) If the mother was married at the time of either conception or birth of the child, or at any time between conception and birth, the name of such mother's husband shall be entered on the certificate as the father of the child and the surname of the child shall be entered on the certificate as being (a) the same as that of the husband, unless paternity has been determined otherwise by a court of competent jurisdiction, (b) the surname of the mother, (c) the maiden surname of the mother, or (d) the hyphenated surname of both parents.

In *Cohee v. Cohee*, 210 Neb. 855, 860, 317 N.W.2d 381, 384 (1982), we stated: "As we stated previously, the standard to be used in the accomplishment of this task [determining the surname of a child in a divorce action] is the best interests of the child, the same standard used in all cases involving custody and visitation of minor children. § 42-364."

With regard to that standard of review, see, *Clark v. Clark,* 220 Neb. 771, 371 N.W.2d 749 (1985), and *Grace v. Grace,* 221 Neb. 695, 380 N.W.2d 280 (1986). Determination as to the name to be borne by a minor child of parties to a dissolution action is a matter initially entrusted to the sound discretion of the trial judge, which matter, on appeal, will be reviewed de novo on the record in light of the factors set out in *Cohee v. Cohee, supra*, and affirmed in the absence of an abuse of the trial judge's discretion, keeping in mind that this court will give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than the other.

In reviewing what the court has done in this case, we are unable to find that the trial court abused its discretion. The parents are the two people most concerned with the best interests of the child, and they are unable or unwilling to make that determination. At the prehearing conference, both parties rejected the use of a hyphenated name for the child. The trial court, in its discretion, ordered the surname of the child to be "Cain," perhaps in the hope this on-again-off-again relationship between the parties might be seen as a valid effort at marriage rather than a casual encounter. The trial court did not abuse its discretion in its order.

AFFIRMED.